IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Owen Hanson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 7930 |
| | ) | |
| Portfolio Recovery Associates, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Owen Hanson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Owen Hanson ("Hanson"), is a citizen of the State of Wyoming, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for an Onyx Acceptance Corporation account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices located in Chicago Illinois and nine other states (Alabama, California, Kansas, New Jersey, Nevada, Pennsylvania, Tennessee, Texas, and Virginia), Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PRA is a bad debt buyer that specializes in buying large portfolios of delinquent consumer debts for pennies on the dollar, which it then collects upon by sending collection letters, calling the consumers on the phone, and by filing collection lawsuits.

6. Defendant PRA is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRA conducts business in Illinois.

7. Moreover, Defendant PRA is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRA acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

8. Mr. Hanson is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for owed for an Onyx Acceptance Corporation account. At some point in time after that debt became

delinquent, it was purchased by Defendant PRA, and when PRA began trying to collect this debt from Mr. Hanson, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant PRA's collection actions.

9. Accordingly, on September 11, 2013, one of Mr. Hanson's attorneys at LASPD informed PRA, in writing, that Mr. Hanson was represented by counsel, and directed PRA to cease contacting him, and to cease all further collection activities because Mr. Hanson was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, Defendant PRA sent a collection letter, dated September 23, 2013, directly to Mr. Hanson, which demanded payment of the Onyx Acceptance Corporation debt. A copy of this letter is attached as Exhibit D.

11. Accordingly, on October 1, 2013, one of Mr. Hanson's LASPD attorneys had to write to Defendant PRA again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

12. Defendant PRA's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

3

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Mr. Hanson's, agent, LASPD, told Defendant PRA to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendant PRA violated § 1692c(c) of the FDCPA.

17. Defendant PRA's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20. Defendant PRA knew that Mr. Hanson was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant PRA to cease directly communicating with him.  By directly sending Mr. Hanson a collection letter (Exhibit D), despite being advised that he was represented by counsel, Defendant PRA violated § 1692c(a)(2) of the FDCPA.

21. Defendant PRA's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Owen Hanson prays that this Court:

1. Find that Defendant PRA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hanson, and against Defendant PRA, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Owen Hanson, demands trial by jury.

    Owen Hanson,

    By: <u>/s/ David J. Philipps</u>
    One of Plaintiff's Attorneys

Dated:  November 5, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com